**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| RONNIE HARRIS § | |
| § | |
| v. § | Case No. 2:11-CV-264-JRG-RSP |
| § | |
| TURMAN WELL SERVICE, INC. § | |

## **MEMORANDUM ORDER**

Ronnie Harris alleges that Turman Well Services, Inc. has engaged in employment discrimination that violates federal law. Before the Court is Turman's motion seeking an intra-district transfer of this case to the Tyler Division of this court (Dkt. No. 11, filed August 31, 2011). Because Turman has not established that the Tyler Division is a clearly more convenient forum than the Marshall Division, Turman's motion is **DENIED**.

## **APPLICABLE LAW**

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The first inquiry when analyzing a case's eligibility for 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and

inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315.

## DISCUSSION

### A. Proper Venue for the Case

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

### B. Private Interest Factors

#### 1. Relative Ease of Access to Sources of Proof

Turman argues that all potential evidence in this case is located at its Palestine, Texas headquarters. Dkt. No. 11 at 5. This evidence includes Harris's employee file, as well as any notes, files, or correspondence that relate to this case. *Id.* Turman's motion and supporting affidavits are entirely silent on the quantity of evidence that exists. Transporting any evidence that exists to the Marshall courthouse instead of the Tyler courthouse would require Turman to spend additional time and additional expense. *Id.*

The Court takes judicial notice that the distance from Palestine, Texas to Marshall, Texas is 98 miles. The distance from Palestine, Texas to Tyler, Texas is 47 miles. Given that the Court does not expect there to be much in the way of evidence that must be transported for trial, and

the very small difference in distance that must be traveled, the Court finds that this factor weighs ever so slightly in favor of transfer.

### 2. Availability of Compulsory Process to Secure the Attendance of Witnesses

Neither party identifies any witnesses that are subject to compulsory process in one division of the Eastern District of Texas but not the other. Accordingly, this factor is neutral in the convenience analysis.

### 3. Cost of Attendance for Willing Witnesses

Turman identifies several witnesses that it may call at trial. Four witnesses reside in Palestine, Texas, and one witness resides in Jacksonville, Texas. Dkt. No. 11 at 4. Turman also argues that Tyler is more convenient for its counsel, who are based in Tyler, Texas. *Id.* at 5.

Harris argues that trial in Tyler is only marginally more convenient for any of the witnesses. Dkt. No. 12 at 4. Furthermore, the location of Turman's chosen counsel should be given no weight. *Id.* at 5.

At the outset, the Court is not persuaded that Turman's witnesses will be overly burdened by having to attend trial in Marshall instead of Tyler. First, it seems rather unlikely that any witness will have to be present for more than one day of trial. Second, the distance that Turman's witnesses will have to travel is not significantly more than the distance any jurors will have to travel if called to serve either in Marshall or Tyler. Furthermore, the location of Turman's counsel should be given no weight in the analysis. The Court finds that this factor weighs slightly in favor of transfer.

    **4.**    **All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive**

The parties have not identified any considerations that relate solely to this factor. However, the Court notes that this case has been set for trial in relatively short order, and any transfer will result in delay for all parties. Therefore, this factor weighs against transfer.

**C.**    **Public Interest Factors**

    **1.**    **Administrative Difficulties Flowing From Court Congestion**

Turman argues that the retirement of judges in Marshall creates administrative difficulties that weigh in favor of transferring the case to Tyler. Dkt. No. 11 at 7. However, these issues were mooted by the speedy appointment of replacement judges in the Marshall Division. Given that the Marshall Division has time available to try this case, and discovery has begun, it would be inconvenient and inefficient for this case to be reassigned to another judge in the Tyler Division. Accordingly, this factor strongly weighs against transfer.

    **2.**    **Local Interest in Having Localized Interests Decided at Home**

Turman argues that the Marshall Division has no localized interest in this case. In its reply, Turman points out that the Harris was employed at eight different well sites, six of which are in the Tyler division, one in the Lufkin division, and two in the Western District of Texas. Dkt. No. 13 at 2-3. The Court is not persuaded that the Marshall division has no localized interest in seeing nearby workplaces from be free of illegal discrimination. Accordingly, the Court finds that this factor weighs slightly against transfer.

    **3.**    **Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

The parties have not identified any considerations that relate to these factors, and are therefore neutral.

- 5 -

## CONCLUSION

The Court finds that an intra-district transfer of this case from the Marshall Division to the Tyler Division would only be slightly more convenient to the handful of potential defense witnesses, but would delay the proceedings and create judicial inefficiencies. After considering all of the relevant factors, the Court finds that Turman has not met its burden of showing that the Tyler Division is clearly a more convenient forum for this case. Turman's motion to transfer is **DENIED**.

**SIGNED this 21st day of June, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE